1 **LAW OFFICE OF STEWART KATZ**
2 STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
3 Sacramento, California 95825
Telephone: (916) 444-5678
4
5 Attorney for Plaintiff
Blaine A. Jackson

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BLAINE A. JACKSON,

    Plaintiff,

  vs.

COUNTY OF SACRAMENTO; JOHN MCGINNESS, individually and in his official capacity as Sheriff of the Sacramento County Sheriff's Department; Sacramento Sheriff's Department Deputy MATTHEW ATHEY (Badge #1324); Sacramento Sheriff's Department Deputy PATRICK HARRINGTON (Badge #1477); Sacramento Sheriff's Department Deputy DAVID MCENTIRE (Badge #1356); Sacramento Sheriff's Department Deputy JOHN HOMEN (Badge #123); Sacramento Sheriff's Department Deputy MICHAEL PUTNAM (Badge #1387); Sacramento Sheriff's Department Sergeant CHRISTOPHER GUERRERO (Badge #61); Lieutenant RICHARD ANGLEMOYER (Badge #51); and Sacramento Sheriff's Department Captain SCOTT JONES (Badge #7),

    Defendants.
_____/

NO. 2:07-CV-02795-LKK-JFM

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Violation of Federal & State Civil Rights Statutes; Other State Law Claims (Battery, Failure to Summon Medical Care, Negligence); *Monell* Liability; Punitive Damages; and Attorneys' Fees Requested

**JURY TRIAL DEMANDED**

///

///

First Amended Complaint for Damages     1

1    Plaintiff BLAINE A. JACKSON complains and alleges as follows:

2    This complaint arises out of the unprovoked and unlawful attack and torture of Plaintiff
3 BLAINE A. JACKSON (hereinafter "Jackson") by County of Sacramento Sheriff's Department
4 deputies. The story begins in the early morning hours of November 19, 2006. Jackson was a
5 guest at a party with fellow CSU Sacramento student-athletes in the Sacramento area when
6 deputies of the Sacramento Sheriff's Department arrived, presumably because of a noise
7 complaint, and ordered that the party end and all guests leave. Jackson was complying with the
8 deputies' order by leaving the property when he was arrested for public intoxication. The
9 deputies transported Jackson to the Sacramento County Main Jail. After being booked into the
10 jail, Defendant deputies escorted Jackson into a small cell where five or six of them violently
11 beat, kicked then threatened to taser Jackson after he curled himself into a fetal position in order
12 to protect himself from the ongoing assault and injuries. During the beating, Jackson repeatedly
13 yelled out "I am not resisting." These deputies then tortured Plaintiff through the use of a "Pro-
14 Straint Chair (hereinafter "THE CHAIR").

15    THE CHAIR is a commercially marketed restraint chair which is used in the
16 Sacramento County Main Jail for punitive purposes. After deputies assaulted Plaintiff, they,
17 pursuant to their custom and practice, placed a hood over his head and then strapped him into
18 THE CHAIR with his arms handcuffed behind his back and his hands tightly jammed beneath
19 his 250-pound body for a period of several hours. Jackson, experiencing extreme wrist pain
20 and having lost all feeling in his hands after being strapped into THE CHAIR, plead with
21 deputies to loosen the handcuffs and/or assist in repositioning his hands from underneath his
22 body. Deputies refused. Jackson was bleeding profusely from a head wound as a result of the
23 beating by deputies. Jackson made several requests for medical attention for this wound.
24 Deputies refused to summon medical care for him and continued to confine him in THE
25 CHAIR. This prompted the emergency room doctor stitching up Jackson's wound at David
26 Grant Medical Center following his release from custody to note that the laceration was at high
27 risk of infection given the length of time it had remained open. Jackson also made several pleas
28 to use the bathroom while in the chair. Defendant deputies denied Jackson bathroom access,

First Amended Complaint for Damages            2

1  forcing him to urinate on himself.  Deputies routinely deny bathroom use to individuals
2  restrained in THE CHAIR for the purpose of causing them further humiliation and discomfort
3  from their defecating or urinating on themselves.  No charges were ever brought against
4  Jackson following this arrest, attack and torture.
5       All of these actions caused Jackson to suffer severe physical injuries including bruises,
6  abrasions, nerve damage at the wrist area and a facial laceration which required emergency
7  medical care, seven stitches and ongoing medical treatment.  This degrading and dehumanizing
8  experience also caused and continues to cause Jackson great anguish and mental distress, as
9  well as having exasperated his post traumatic stress from a prior criminal assault.  Through this
10 action, Plaintiff seeks compensation for his physical injuries, medical expenses, his pain and
11 suffering, and emotional distress.  Plaintiff seeks punitive damages against the individual
12 Defendants.

## PARTIES

13
14     1.    During all times mentioned in this Complaint, Plaintiff BLAINE A. JACKSON
15 was, and is, a United States citizen.
16     2.    Defendant COUNTY OF SACRAMENTO is a political subdivision of the State
17 of California, created and existing by virtue of the laws of the State of California.
18     3.    Defendant JOHN MCGINNESS is, and was at all times mentioned herein, the
19 Sheriff of the Sacramento County Sheriff's Department.  Defendant JOHN MCGINNESS is
20 sued individually and in his official capacity.
21     4.    Defendant MATTHEW ATHEY (Badge #1324) was at all times mentioned
22 herein, a deputy sheriff employed by Defendant COUNTY OF SACRAMENTO and acting in
23 that capacity.
24     5.    Previously identified as a Doe 1 through 10 Defendant, PATRICK
25 HARRINGTON (Badge #1477) was at all times mentioned herein a deputy sheriff employed by
26 Defendant COUNTY OF SACRAMENTO and acting in that capacity.
27     6.    Previously identified as a Doe 1 through 10 Defendant, DAVID MCENTIRE
28 (Badge #1356) was at all times mentioned herein a deputy sheriff employed by Defendant

First Amended Complaint for Damages       3

1  COUNTY OF SACRAMENTO and acting in that capacity.

2      7.    Previously identified as a Doe 1 through 10 Defendant, JOHN HOMEN (Badge
3  #123) was at all times mentioned herein a deputy sheriff employed by Defendant COUNTY
4  OF SACRAMENTO and acting in that capacity.

5      8.    Previously identified as a Doe 1 through 10 Defendant, MICHAEL PUTNAM
6  (Badge #1387) was at all times mentioned herein a deputy sheriff employed by Defendant
7  COUNTY OF SACRAMENTO and acting in that capacity.

8      9.    Previously identified as a Doe 1 through 10 Defendant, CHRISTOPHER
9  GUERRERO (Badge #61) was at all times mentioned herein, a sergeant employed by
10 Defendant COUNTY OF SACRAMENTO and acting in that capacity.

11     10.    Previously identified as a Doe 11 through 20 Defendant, RICHARD
12 ANGLEMOYER (Badge #51) was at all times mentioned herein a lieutenant and watch
13 commander employed by Defendant COUNTY OF SACRAMENTO and acting in that
14 capacity.

15     11.    Previously identified as a Doe 11 through 20 Defendant, SCOTT JONES (Badge
16 #7) was at all times mentioned herein a captain and commander of the Sacramento County
17 Main Jail employed by Defendant COUNTY OF SACRAMENTO and acting in that capacity.

18     12.    Defendants, and each of them, to the extent they engaged in any acts or
19 omissions alleged herein, and unless otherwise indicated by this Complaint, engaged in such
20 acts and/or omissions under color of state law.

21     13.    Plaintiff is informed and believes and thereon alleges that at all times mentioned
22 in this Complaint, Defendants, and each of them, were the agents, employees, servants, joint
23 venturers, partners and/or co-conspirators of the other Defendants named in this Complaint and
24 that at all times each of the Defendants were acting within the course and scope of said
25 relationship with Defendants.

26     **EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES**
27
28     14.    Plaintiff filed a timely government tort claim with the COUNTY OF

First Amended Complaint for Damages        4

1  SACRAMENTO on or about March 11, 2007, regarding the arrest and assault and the related

2  injuries, as a precondition to the state law claims alleged in this action.

3    15.   On July 31, 2007 the COUNTY OF SACRAMENTO sent Plaintiff a notice of

4  rejection of his tort claim, giving rise to this action.

### FACTUAL ALLEGATIONS

6    16.   Plaintiff BLAINE A. JACKSON is a 21 year-old college senior who was the

7  starting defensive end for the California State University Sacramento varsity football team.  He

8  is a law-abiding citizen with no criminal record.

9    17.   At or about 1:00 a.m. on the morning of November 19, 2006, Jackson was a

10 guest at a party largely attended by CSU Sacramento athletes at a Sacramento residence when

11 he noticed flashlights and realized that someone had called the police, presumably because of

12 the noise of the party.

13   18.   Jackson then stood in the backyard of the house and attempted to call the person

14 who was going to drive him home from the party.  Jackson, who had consumed alcohol at the

15 party, did not want to endanger anyone by driving himself home.

16   19.   At that moment, Deputy Athey entered the backyard and told Jackson to "Get off

17 the premises, or you're going to jail."

18   20.   Jackson responded to the deputy that he was trying to call for his ride home, and

19 that he was leaving because he didn't want to go to jail.

20   21.   While on the phone trying to arrange his ride, Jackson walked along with Deputy

21 Athey toward the front of the house and away from the premises.

22   22.   At the front of the house the deputy then repeated his demand that Jackson leave

23 or he'll go to jail.  Jackson, still on the phone, again responded by telling the deputy that he was

24 arranging his ride home, and that he would absolutely be leaving because he did not want to go

25 to jail.

26   23.   The deputy then told Jackson to get off the phone.  He attempted to tackle

27 Jackson from behind while yelling out "YOU ARE GOING TO JAIL."

28   24.   Jackson, who had been trying to comply, panicked and took off running.

1   25.   Realizing the foolishness of his running away, Jackson stopped. Deputy Athey
2   and a second deputy pulled up in their patrol car. They approached the stationary Jackson,
3   forced him to the ground, twisted his arms, ripped the cell phone from his hands and continued
4   to twist Jackson's arms even as Jackson screamed out in pain that he was not resisting. It
5   should be noted that Jackson has reduced range of motion in his shoulder area due to a prior
6   injury.
7   26.   Jackson believes that the abuse that followed was at least in-part direct
8   retribution for his brief flight on foot.
9   27.   Deputies then pepper-sprayed Jackson in the eyes and mouth. When Jackson
10  attempted to spit the pepper spray out of his mouth, the deputies put a covering over his head,
11  handcuffed and arrested him.
12  28.   While being booked at the Sacramento County Main Jail, Jackson verbalized his
13  displeasure with the way he had been treated.
14  29.   After going through the formal steps of the booking process, officers escorted
15  Jackson to small cell accompanied by five or six deputies.
16  30.   Then, Jackson's handcuffs were removed and he was searched. Jackson was
17  cooperative, complying with the deputies' requests.
18  31.   Deputies asked Jackson to turn around, open his mouth and lift his tongue,
19  which he did. At that moment, one deputy grabbed Jackson's arm.
20  32.   Jackson put his hands behind his back thinking the deputy was going to place the
21  handcuffs back onto him.
22  33.   Instead, Jackson was thrown to the ground and all of the deputies jumped upon
23  him.
24  34.   Several officers ground down upon Jackson's back while one officer beat his
25  face causing Jackson's head to bounce back and forth, slamming repeatedly onto the hard floor
26  of the jail.
27  35.   Jackson screamed that he was "not resisting" and for the deputies to stop but
28  they continued to brutally beat him.

First Amended Complaint for Damages          6

1      36.     One officer smashed Jackson's face into the floor with his knee while another continued to beat Jackson's face with his fists while also using a baton to hold Jackson's head in place.

2      37.     Jackson felt blood pouring from his face and curled up in a fetal position to protect himself from further assault and injury.

38.     Officers continued to beat Jackson when one officer yelled "GET THE TASER."

39.     Jackson heard another officer comment on the blood flowing from his head wound and then the beating stopped.

40.     After the beating, deputies placed a bag over Jackson's head, tightly handcuffed him, and forced him into THE CHAIR.

41.     THE CHAIR has a metal frame and a hard plastic seat on which the victim is seated. THE CHAIR has wheels. An adjustable strap and buckling system is incorporated into THE CHAIR which accommodates and anchors shackles, manacles and chains. Crossing straps across the chest immobilizes a victim's arms and constricts their breathing. Separate constricting shackles and manacles attached to THE CHAIR are used to restrain the victim's hands and feet. Deputies routinely ratchet the straps and shackles as tightly as possible. In addition, a hood is frequently placed over a victim's head creating the subjective apprehension of imminent suffocation akin to water boarding.

42.     Deputies tightly strapped Jackson into THE CHAIR using several straps across his body while forcing Jackson's tightly cuffed hands beneath his 250-pound body.

43.     While Jackson was restrained in THE CHAIR, several officers taunted him.

44.     One deputy stated he was glad he beat Jackson up because he, the deputy, was a University of California, Davis alumni, making an apparent reference to the football rivalry between the schools. The previous afternoon the two schools had played their annual Causeway Classic rivalry game.

45.     Jackson immediately felt pain in his wrists and numbness in his hands which were trapped beneath him as deputies wheeled him into another cell.

46.     Jackson begged and pled with officers to loosen his handcuffs because of the

1  extreme wrist pain and the fact that he could no longer feel his hands, but deputies ignored the
2  requests, while laughing at and taunting Jackson.

3       47.    Jackson made several requests for medical attention for his profusely bleeding
4  facial wound. His requests were ignored or denied.

5       48.    After several hours in THE CHAIR Jackson needed to use the bathroom. He
6  asked a deputy if he could use a bathroom but the deputy told Jackson "no." Jackson controlled
7  his bladder for as long as possible, while continuing to ask permission to use a toilet. Finally,
8  after his requests continued to be denied, Jackson was forced to urinate all over himself.

9       49.    After several hours of captivity in THE CHAIR, deputies finally unstrapped and
10  unchained Jackson, placing him in a holding cell.

11       50.    While in another holding cell, Jackson continued to request medical attention for
12  his head wound, which continued to bleed. Jackson's requests were again either ignored or
13  denied. For several hours while in custody Jackson received no wound care whatsoever.

14       51.    Upon Jackson's release, he sought emergency medical care at David Grant
15  Medical Center, Travis Air Force Base for the head laceration. Jackson went there because he
16  is the dependent son of an active-duty Marine Corps Brigadier General. At David Grant
17  Medical Center Jackson received eight stitches at the eye area. The emergency room doctor's
18  discharge statement indicated an increased risk of infection due to the length of time the wound
19  had remained open.

20       52.    Jackson also received care for ongoing numbness to his wrist following the
21  incident and was diagnosed with possible radial nerve injury due to the tightness of the
22  handcuffs and the placement of his cuffed hands under his body while strapped in THE CHAIR.

23       53.    No criminal charges were ever brought against Jackson following this incident.

24       54.    This incident had a detrimental impact on Jackson's academic and athletic
25  pursuits at Sacramento State University. The injuries interfered with Jackson's athletic training
26  program with the Sacramento State football team. Jackson also missed numerous classes while
27  recovering from this incident both physically and emotionally. The incident occurred shortly
28  before final exam period and Jackson failed two classes that semester as a result of his missed

1  classes and the emotional trauma he experienced from this incident.

2      55.    As a direct and proximate cause of the Defendants' actions described herein,
3  Plaintiff suffered physical injury, pain and suffering, emotional distress, incurred medical
4  expenses and suffered other injuries.

5      56.    Defendants COUNTY OF SACRAMENTO, JOHN MCGINNESS, SCOTT
6  JONES and RICHARD ANGLEMOYER had actual and/or constructive knowledge that THE
7  CHAIR was used as a device for torture and punishment and that excessive force has routinely
8  been used by deputies in the booking area of the Sacramento County Main Jail.

9      57.    Defendants COUNTY OF SACRAMENTO, JOHN MCGINNESS, SCOTT
10 JONES and RICHARD ANGLEMOYER failed to provide proper training in the use of THE
11 CHAIR by deputies and other employees at the Sacramento County Main Jail.

12     58.    Defendants COUNTY OF SACRAMENTO, JOHN MCGINNESS, SCOTT
13 JONES and RICHARD ANGLEMOYER failed to establish and disseminate adequate
14 guidelines to deputies at the Sacramento Main Jail concerning the use of THE CHAIR.

15     59.    Defendants COUNTY OF SACRAMENTO, JOHN MCGINNESS, SCOTT
16 JONES and RICHARD ANGLEMOYER failed to provide proper guidelines in the use of force
17 against inmates in the booking area of the Sacramento Main Jail.

**FIRST CAUSE OF ACTION**
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against Defendants Athey, Harrington, McEntire, Homen, Putnam, Guerrero and Anglemoyer)*

    60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59, as though fully set forth herein.

    61.    The actions of Defendants, as alleged herein, interfered with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, Defendants, and each of them, interfered with Plaintiff's rights when Defendants, using unjustified force, struck, pushed, pepper-sprayed, twisted the arms of, beat, and restrained Plaintiff, a non-violent arrestee, in a Pro-Straint Chair.

    62.    As a direct and proximate result of said acts and/or omissions by Defendants,

First Amended Complaint for Damages       9

Plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, medical expenses, permanent facial scars, emotional distress and other injuries.

63. The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages. Wherefore, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Unreasonable Seizure/Excessive Force
**(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43: Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Against Defendants Athey, Harrington, McEntire, Homen, Putnam, Guerrero and Anglemoyer)*

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63, as though fully set forth herein.

65. The actions of Defendants, as alleged herein, interfered with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution. Specifically, Defendants, and each of them, interfered with Plaintiff's rights when Defendants, using unjustified force, struck, pushed, pepper-sprayed, twisted the arms of, beat, and restrained Plaintiff, a non-violent arrestee, in a Pro-Straint Chair.

66. Defendants actions constituted an unreasonable seizure, an excessive use of force, a violation of Plaintiff's right to bodily integrity, and further interfered with Plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

67. As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, medical expenses, permanent facial scars, emotional distress and other injuries.

68. The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages. Wherefore, Plaintiff prays for judgment as set forth below.

///

**THIRD CAUSE OF ACTION**
Torture
**(Violation of the U.S. Constitution Fourth, Fifth and Fourteenth Amendments: Actionable Under 42 U.S.C §1983)**
*(Against Defendants Athey, Harrington, McEntire, Homen, Putnam, Guerrero and Anglemoyer*

69. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 68, as though fully set forth herein.

70. The actions of Defendants as alleged herein, including but not limited to the lengthy restraint of Plaintiff, a non-violent detainee arrested without probable cause or a warrant, in a Pro-Straint Chair while simultaneously denying him access to bathroom facilities, medical attention or a telephone call, all constituted acts of torture which are outrageous, and unconscionable conduct in violation of Plaintiff's rights as protected by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and federal common law.

71. As a direct and proximate result of Defendants' violations of Plaintiff's right to be free from torture while detained under color of law, Plaintiff suffered emotional distress, physical injury, pain and suffering and other injuries. Defendants' actions were willful, intentional, wanton, reckless and in conscious disregard for Plaintiff's rights, warranting the award of punitive damages. Wherefore, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
Torture
**(Violation of the Cal Const Art I § 1 and Cal. Civil Code § 43: Actionable Under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Against Defendants Athey, Harrington, McEntire, Homen, Putnam, Guerrero and Anglemoyer)*

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71, as though fully set forth herein.

73. The actions of Defendants as alleged herein, including but not limited to the lengthy restraint of Plaintiff, a non-violent detainee arrested without probable cause or a warrant, in a Pro-Straint Chair while simultaneously denying him access to bathroom facilities, medical attention or a telephone call, all constituted acts of torture which are

1 outrageous, and unconscionable conduct in violation of Plaintiff's rights as protected by
2 Article I § 1 of the California Constitution.
3     74.    Defendants actions violated Plaintiff's right to bodily integrity, and further
4 interfered with Plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.
5     75.    As a direct and proximate result of Defendants' violations of Plaintiff's right to
6 be free from torture while detained under color of law, Plaintiff suffered emotional distress,
7 physical injury, pain and suffering and other injuries.   Defendants' actions were willful,
8 intentional, wanton, reckless and in conscious disregard for Plaintiff's rights, warranting the
9 award of punitive damages. Wherefore, Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
**Entity Liability/Unconstitutional Policy**
(***Monell*** **claim: Actionable under 42 U.S.C. §1983**)
(*Against Defendants County of Sacramento, McGinness, Jones and Anglemoyer*)

    76.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 75, as though fully set forth herein.

    77.    The aforementioned acts of the individually named Defendants in arresting Plaintiff without a warrant or probable cause, using excessive force upon him, torturing him by restraint in the Pro-Straint Chair, and violating Plaintiff's constitutional and state law rights were done pursuant to policies, customs and/or practices of Defendants COUNTY OF SACRAMENTO, MCGINNESS, JONES and ANGLEMOYER.

    78.    Such policies, customs and/or practices include, but are not limited to, an ongoing pattern of deliberate indifference to the rights and privileges of citizens of the City and County of Sacramento to be free of excessive force and torture.

    79.    Defendants COUNTY OF SACRAMENTO, MCGINNESS, JONES and ANGLEMOYER tacitly encouraged, ratified and/or approved of the unlawful use of force and the torture of Plaintiff, a non-violent citizen, and knew or should have known that such conduct was unjustified and would result in violations of Plaintiff's constitutional rights.

    80.    The customs, policies and/or practices of said Defendants, and each of them, were a direct and proximate cause of the injuries suffered by Plaintiffs, in that said Defendants

1  tacitly encouraged, ratified and/or approved of the violation of Plaintiff's rights and/or failed to
2  adequately train and supervise their deputies and/or employees to prevent the occurrence of the
3  constitutional violations alleged above.

4      81.    As a direct and proximate result of the aforementioned customs, policies and/or
5  practices of said Defendants, Plaintiff suffered injuries and damages as alleged herein.

### SIXTH CAUSE OF ACTION
**Battery – California State Law**
*(Against Defendants Athey, Harrington, McEntire, Homen, Putnam and Guerrero)*

8      82.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 81, as
9  though fully set forth herein.

10      83.    The conduct of Defendants, as alleged herein, including but not limited to,
11  Defendants actions to strike, push, pepper-spray, beat, and restrain Plaintiff, a non-violent
12  citizen, in a Pro-Straint Chair caused Plaintiff to suffer injuries.  Defendants' conduct was
13  wrongful, intentional, and with willful disregard for Plaintiff's rights.  This brutal use of force
14  constituted a battery.

15      84.    Said conduct was a proximate cause of Plaintiff's damages and injuries as
16  alleged herein.

17      85.    Defendant COUNTY OF SACRAMENTO is vicariously liable for the conduct
18  of its agents, all individual Defendants named herein.

### SEVENTH CAUSE OF ACTION
**Failure to Summon Medical Care – California State Law**
*(Against Defendant Athey, Harrington, McEntire, Homen, Putnam and Guerrero)*

22      86.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 85, as
23  though fully set forth herein.

24      87.    Defendants, and each of them, owed Plaintiff, who was in their physical custody
25  and control, a duty of care to provide, or to cause to be provided, adequate and proper medical
26  care, including but not limited to, the duty to summon medical care where these Defendants,
27  and each of them, knew or should have known that Plaintiff was in need of emergency medical
28  care, as required by Cal. Gov't. Code § 845.6.

88.     Defendants breached their duties of care to Plaintiff by failing to provide or summon medical care for Plaintiff, who was bleeding from a head wound caused by these Defendants.  Defendants' unlawful conduct directly and foreseeably caused Plaintiff's injuries. Defendants' failures to provide timely and appropriate medical care and treatment to Plaintiff were willful, intentional, wanton, reckless and in conscious disregard for Plaintiff's rights, warranting the award of punitive damages.

89.     Defendant COUNTY OF SACRAMENTO is vicariously liable for the conduct of its agents, all individual Defendants named herein.

### EIGHTH CAUSE OF ACTION
### Negligence – California State Law
(*Against all Defendants*)

90.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 89, as though fully set forth herein.

91.     Defendants, and each of them, owed Plaintiff, who was in their physical custody and control at the Sacramento Main Jail, a duty of care.  Specifically, Defendants had a duty to refrain from unlawfully and wrongfully subjecting persons to torture and excessive force, such as Plaintiff in this action.  Defendants, and each of them, breached their duties of care to Plaintiff.  Defendants were negligent in using the Pro-Straint Chair and other force against Plaintiff, in their failure to summon medical care for Plaintiff and in their hiring, training and supervision of Sacramento County Main Jail deputies and staff as well as other actions or inactions as alleged herein.

92.     Defendants, and each of them, breached their duties of care owed to Plaintiff, causing Plaintiff injury.  As a direct and foreseeable result of Defendants' negligent acts Plaintiff suffered injuries.  Wherefore, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     For compensatory, general and special damages against each Defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

1  2. For punitive and exemplary damages against each non-entity Defendant, as allowed by law, in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

3. For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988 and Cal. Civil Code § 52.1;

4. For costs of the suit; and

5. For such other relief as the Court deems just and proper.

Dated: December 11, 2008                    Respectfully submitted,


                                            __/s/ Stewart Katz_____
                                            Stewart Katz,
                                            Attorney for Plaintiff


## DEMAND FOR TRIAL BY JURY

Plaintiff BLAINE A. JACKSON hereby demands trial by jury.

Dated: December 11, 2008
                                            __/s/_Stewart Katz_____
                                            Stewart Katz,
                                            Attorney for Plaintiff

First Amended Complaint for Damages          15